IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

GREGORY CARTER                                                                     PLAINTIFF

VS.                                                    Civil Action No. 3:08-cv-270-HTW-LRA

STEVE CAGLE TRUCKING COMPANY                              DEFENDANT
AND JOHN DOES 1-5

## ORDER AND OPINION

Before this court are defendant Steve Cagle Trucking Company's ("Cagle Trucking") Motions for Partial Summary Judgment [Docket Nos. 40 and 42]. Also before this court is plaintiff Gregory Carter's motion for extension of time. This court has federal jurisdiction over this case based on the diversity of citizenship of all parties and since the amount in controversy exceeds the sum of $75,000, exclusive of the interest and costs, Title 28 U.S.C. § 1332.[1] Since this court's grant of subject matter jurisdiction is diversity of citizenship, this court applies the substantive law of the State of Mississippi, *Erie R.R. Company v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The court grants both of the defendant's Motions for Partial Summary Judgment and grants plaintiff's motion for extension of time. The predicate facts, applicable law and the court's analysis are set out below.

---

[1] Title 28 U.S.C. § 1332 states, in pertinent part, that "(a) [t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States;. . .."

1

## I. Facts and Procedural Background

On or about May 14, 2007, plaintiff Gregory Carter was driving west on and along Interstate 20 ("I-20"). Hugh Stewart ("Stewart"), who was driving and operating a tractor-trailer owned by defendant Steve Cagle Trucking was directly behind the plaintiff. According to plaintiff, Stewart sideswiped the left rear of plaintiff's vehicle. Carter says he was thrown about in the vehicle and suffered serious and permanent injuries to his person. Such injuries affected his back, neck, left knee, skeletal system, muscular system, and nervous system. These injuries and treatment, asserts Carter, have caused him intense mental anguish and he expects to suffer more of the same in the future as a result of the injuries he sustained in the accident. Predictably, adds Carter, the incident has caused him to incur hospital, medical, and drug expenses and lost wages.

Plaintiff sued in the Circuit Court of Hinds County, Mississippi, on February 14, 2008. The case was subsequently and properly removed to this federal court.

Plaintiff charges that Stewart, acting within the scope and course of his employment at the time of the wreck, acted with gross and reckless negligence. Plaintiff alleges that all of Stewart's negligent actions are imputed to his employer, Cagle Trucking. Additionally, plaintiff charges Cagle Trucking with negligent supervision of its driver; negligent retention of the driver; failing to provide a driver safety training course for its employees; failing to instruct its employees on unsafe driving habits; violations of the Mississippi Rules of the Road; and violation of the Federal Motor Carrier Safety Regulation.

Plaintiff demands a judgment from the defendants for actual, compensatory,

consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of the court. Plaintiff also seeks punitive damages, including all expenses and costs of this civil action and other such general relief as the court and the jury may deem just.

On January 6, 2009, defendant filed a Motion for Partial Summary Judgment on Punitive Damages [Docket No. 40] and Motion for Partial Summary Judgment on Negligent Supervision, Retention, Training and Instruction [Docket No. 42] pursuant to Rule 56 of the Federal Rules of Civil Procedure.[2] On February 18, 2009, plaintiff filed for extension of time to complete limited discovery regarding Dr. Jason A. Craft.

## II. **Defendant's Motion for Partial Summary Judgment**

**A. Legal Standard**

The court should grant plaintiff's motion for partial summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that [Cagle Trucking] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)); *see also Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). In determining whether there exists a genuine dispute as to any material fact, the court must consider all of the evidence in the record but refrain from making any credibility determinations or weighing the evidence. *Id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). The court makes all reasonable

---

[2] Fed. R. Civ. P. 56 provides, in pertinent part: "(b) [a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

inferences in favor of the non-moving party, *Reeves*, 530 U.S. at 150; "however, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner,* 476 F.3d at 343 (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

**B. Defendant's Motion on Punitive Damages** [Docket No. 40]

Defendant argues that the claim for punitive damages fails as a matter of law as the alleged conduct of Stewart is insufficient to justify such an award under Miss. Code Ann. § 11-1-65 and controlling Mississippi case law.[3] Punitive damages are only to be assessed in extreme cases. *Wallace v. Thornton*, 672 So.2d 724, 728 (Miss. 1996), quoting *Beta Beta Chapter of Beta Theta Pi Fraternity v. May*, 611 So.2d 889, 894 (Miss. 1992). *See Cmty Bank v. Courtney,* 884 So.2d 767, 777 (Miss. 2004), citing *Life & Casualty Ins. Co. of Tenn. v. Bristow*, 529 So.2d 620, 622 (Miss. 1998). In the automobile context the Mississippi Supreme Court has been ". . . extremely reticent to permit punitive damages . . . ." *Walker v. Smitty's Supply Inc.*, 2008 U.S. Dist. LEXIS 37949, 18 (S.D. Miss. 2008).

This court has studied the plaintiff's version of the circumstances of the accident and cannot see how the accident rises to the level necessary for punitive damages. Accordingly, this court grants the defendant's motion for summary judgment on the punitive damages claim.

The plaintiff makes much of Stewart's missing Driver's Log Book. Plaintiff

---

[3] Miss. Code Ann. § 11-1-65 states, in pertinent part, that punitive awards may not be awarded where the claimant ". . . does not prove by clear and convincing evidence that the defendant . . . acted with actual malice, gross negligence which evidences willful, wanton or reckless disregard for the safety of others, or committed actual fraud."

surmises that this log book might show that Stewart intentionally exceeded the prudent drive hours.  This log book, still missing at the time of the hearing on the motion herein, was not factored into the court's determination; however, the court will consider reviewing the ruling on this motion if said log book is located and if that log book offers any cogent evidence on the issue before the court.

**C.  Defendant's Motion on Negligent Supervision, Retention, Training & Instruction**

Plaintiff has no objection to the granting of partial summary judgment on the issue of negligent supervision, retention, training and instruction.  The court, therefore, grants defendant's motion for partial summary judgment on these claims.

**II.     Plaintiff's Motion for Extension of Time to Complete Limited Discovery**

The court is persuaded to extend the discovery deadline and grant a new trial setting in order for plaintiff to depose Dr. Jason A. Craft following the plaintiff's round of physical therapy.

**VII.  Conclusion**

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant's Motion for Partial Summary Judgment is granted as to both claims.  Plaintiff's Motion for Extension of Time is granted and plaintiff may take the deposition of Dr. Jason A. Craft.  The parties are directed to appear before this court for a status conference on June 17, 2010, at 9:00 o'clock a.m.

**SO ORDERED, this the 22nd day of March, 2010.**

**s/ HENRY T. WINGATE**

_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Civil Action: 3:08-cv-270-HTW-LRA
Order Granting Summary Judgment- Punitive Damages
Order Granting Summary Judgment- negligent supervision, retention, training & instruction
Order Granting Extension of Time